IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-334-H

DONNA PILCH,

    Plaintiff,

v.

DONALD STEPHENS,

    Defendant.

**ORDER**

This matter is before the court on defendant's motion to dismiss along with several motions filed by plaintiff. Also before the court is defendant's motion for sanctions and renewed motions for sanctions.

This is one of five pro se actions recently filed by the plaintiff, Donna Pilch, against various officials, all stemming from a DWI conviction plaintiff received in state court. In this action, plaintiff alleges that Wake County Senior Resident Superior Court Judge Donald W. Stephens, the defendant in this matter, violated 42 U.S.C. §§ 1983, 1985 and 1986. In conclusory allegations, plaintiff accuses defendant of inter alia, recordkeeping violations of state and federal law, use of fake and fraudulent court documents, not allowing probable cause

hearings on misdemeanor cases, tampering with the Automated Criminal Infractions System, and obstruction of justice. The list of remedies plaintiff seeks includes assembling a team of IRS, FBI and Secret Service agents to investigate the "crimes" she alleges.

The court has carefully reviewed this matter, including defendant's motion to dismiss and memorandum in support thereof, as well as plaintiff's various motions. The court finds that plaintiff's complaint should be dismissed in its entirety.

Judges and judicial officers are entitled to absolute immunity for judicial acts. Judicial officers "are not liable to civil actions for their judicial acts, even when such acts are . . . alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978). A judicial officer loses immunity only when he or she acts in the "clear absence of all jurisdiction over the subject matter." Stump, 435 U.S. at 356 n.6. The acts complained of in plaintiff's complaint involve judicial acts by the defendant. Although plaintiff claims in her response that defendant acted in clear absence of jurisdiction, it appears that all these acts took place in the course of judicial proceedings. Defendant is entitled to absolute immunity from suit.

2

Additionally, even absent immunity, plaintiff's claims are subject to dismissal. Many of plaintiff's claims are barred by the doctrine of sovereign immunity. Finally, plaintiff's conclusory allegations are wholly without merit or basis in law or fact and therefore fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiff alleges no facts against defendant that state a claim which is plausible on its face.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted [DE #6], and plaintiff's complaint is dismissed in its entirety. All remaining motions, except for defendant's motions for sanctions [DE #15 and #25] are denied. The court will rule on the motions for sanctions by separate order.

This 12TH day of December 2011.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

3